IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 15-CV-36-JHP |
| | ) | |
| 1) CHARLES GREGORY MORRIS, | ) | |
| a.k.a. Charles G. Morris, a.k.a. Charles Morris; et al., | ) | |
| Defendants. | ) | |

**OPINION AND ORDER GRANTING UNITED STATES OF AMERICA'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

The United States of America brought this foreclosure action on behalf of the Farm Service Agency (FSA) under 28 U.S.C. § 1345 against Defendant Charles Gregory Morris (Defendant).

The United States alleges Defendant defaulted on mortgage payments for certain property listed in the Complaint (Doc. No. 3) and now seeks summary judgment against Defendant pursuant to Federal Rule of Civil Procedure 56, asserting there is no genuine issue of material fact to dispute his liability. For the reasons set forth below, Plaintiff's Motion for Summary Judgment (Doc. No. 32) is **GRANTED**.

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citation omitted). The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986),

with the evidence taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Pursuant to Local Civil Rule 7.1(f), a dispositive motion which is not opposed within fourteen days may be deemed confessed. Plaintiff filed the instant Motion for Summary Judgment on October 2, 2015. Defendant's response was due within fourteen days from the date the motion was filed, i.e., October 16, 2015. *See* LCvR 7.1(f); Fed. R. Civ. P. 6. To date, Defendant has filed no response to Plaintiff's motion and has sought no extension of time to respond.

The facts pled in Plaintiff's Motion for Summary Judgment clearly entitle Plaintiff to judgment. In the Complaint, Plaintiff identifies and lists promissory notes and security interests in certain crops, livestock, farm equipment and motor vehicles, each executed by Defendant. Plaintiff alleges that Defendant defaulted on these notes and security interests; that Plaintiff may foreclose on these interests in the event of default; and that Plaintiff has priority over all other interested parties. (*See* Doc. No. 3 (Complaint)).

Plaintiff asserts the following material facts to which there is no substantial controversy, which show Plaintiff is entitled to judgment as a matter of law:

1. That Charles Gregory Morris, on or about November 16, 2005, executed and delivered to Plaintiff a promissory note in the amount of $25,000.00.

2. That Charles Gregory Morris, on or about May 29, 2007, executed and delivered to Plaintiff a promissory note in the amount of $29,000.00.

3. That Charles Gregory Morris, on or about February 8, 2008, executed and delivered to Plaintiff a promissory note in the amount of $45,000.00.

4. As collateral security for payment of the above listed promissory notes, the defendant, Charles Gregory Morris, executed and delivered to Plaintiff a security agreement, dated November 16, 2005, thereby creating in favor of Plaintiff, a security interest in certain crops, livestock, farm equipment, and motor vehicles described therein.

5. As collateral security for payment of the above listed promissory notes, the defendant, Charles Gregory Morris, executed and delivered to Plaintiff a security agreement dated August 8, 2006, thereby creating in favor of Plaintiff, a security interest in certain crops, livestock, farm equipment, and motor vehicles described therein.

6. As collateral security for payment of the above listed promissory notes, the defendant, Charles Gregory Morris, executed and delivered to Plaintiff a security agreement dated June 26, 2008, thereby creating in favor of the Plaintiff, a security interest in certain crops, livestock, farm equipment, and motor vehicles described therein.

7. The security interest of Plaintiff in said property was perfected by an EU1 filed with the County Clerk of the following county on the date indicated, and under the file numbers indicated.

| Type | Filed | County | File Number |
| --- | --- | --- | --- |
| EU1 | 05/15/07 | Oklahoma | E2007005735231 |

8. The security interest of Plaintiff in said property was perfected by an EU1 filed with the County Clerk of the following county on the date indicated, and under the file numbers indicated.

| Type | Filed | County | File Number |
| --- | --- | --- | --- |
| EU1 | 11/08/05 | Oklahoma | E2005013580428 |

9. The security interest of Plaintiff in said property was perfected by a UCC Financing Statement Amendment filed with the County Clerk of the following county on the date indicated, and under the file numbers indicated.

| Type | Filed | County | File Number |
|---|---|---|---|
| Financing Stmt Amendment | 10/04/10 | Oklahoma | 20101004020990670 |

10. The security interest of Plaintiff in said property was perfected by a UCC Financing Statement Amendment filed with the County Clerk of the following county on the date indicated, and under the file numbers indicated.

| Type | Filed | County | File Number |
|---|---|---|---|
| Financing Stmt Amendment | 10/19/10 | Oklahoma | 20101019021043890 |

11. The security interest of Plaintiff in said property was perfected by a UCC Financing Statement Amendment filed with the County Clerk of the following county on the date indicated, and under the file numbers indicated.

| Type | Filed | County | File Number |
|---|---|---|---|
| Financing Stmt Amendment | 12/08/11 | Oklahoma | 20111208021194480 |

12. The security interest of Plaintiff in said property was perfected by a Motor Vehicle Lien filed on the date indicated.

| Type | Filed |
|---|---|
| Motor Vehicle Lien | 11/23/05 |

13. The security interest of Plaintiff in said property was perfected by a Motor Vehicle Lien filed on the date indicated.

| Type | Filed |
|---|---|
| Motor Vehicle Lien | 02-21-08 |

14. That prior to acceleration and referral of this account for foreclosure, the defendant was offered all administrative rights afforded by law or regulation.

15. That on or about February 13, 2009, the agency proceeded to call the account due and payable.

16. That on or about December 24, 2014, the agency referred the account to the United States Department of Justice for collection of the debt owed.

17. That the amount due and owing as of September 4, 2015, is the principal sum of $49,902.50 plus interest to September 4, 2015, in the amount of $16,408.01 plus interest from that date at the daily rate of $6.3542 until paid.

These established material facts, which are properly supported in the record, demonstrate as a matter of law that Plaintiff properly executed promissory notes to Defendant and properly secured said promissory notes. The evidence further shows that Defendant defaulted on payment of the promissory notes and security agreements, and that Plaintiff is entitled to foreclosure on the notes and security agreements. Defendant has failed to respond to Plaintiff's Motion for Summary Judgment and therefore Plaintiff's motion may be deemed confessed. Accordingly, there being no genuine issue of material fact, judgment for the Plaintiff is appropriate under Federal Rule of Civil Procedure 56.

Consequently, Plaintiff is entitled to judgment against Defendant, in the principal sum of $49,902.50 plus interest to September 4, 2015, in the amount of $16,408.01 plus interest from

that date at the daily rate of $6.3542 until paid.  Plaintiff's Motion for Summary Judgment is hereby granted.

IT IS ORDERED that the Plaintiff United States of America's Motion for Summary Judgment against the Defendant, Charles Gregory Morris, be **GRANTED** and that the United States may proceed with foreclosure of Defendant's notes and security agreements.

**IT IS SO ORDERED** this 16th day of May, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma